UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 3:20-cr-153-J-39MCR
21 U.S.C. § 846
21 U.S.C. § 841(a)(1)
STEVEN RAY MCWHORTER  18 U.S.C. § 922(g)
CHRISTOPHER DOUGLAS GREEN
KEVIN JOSEPH DEWITT
MICHAEL BRANDON VOGHT

FILED

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

## INDICTMENT

The Grand Jury charges:

### COUNT ONE

From in or about June 2020, and continuing through on or about November 5, 2020, in the Middle District of Florida, and elsewhere, the defendants,

STEVEN RAY MCWHORTER,
CHRISTOPHER DOUGLAS GREEN,
KEVIN JOSEPH DEWITT,
MICHAEL BRANDON VOGHT,

did knowingly and willfully conspire with each other and other persons, both known and unknown to the Grand Jury, to distribute a controlled substance.

With respect to STEVEN RAY MCWHORTER, the violation involved 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance and is therefore punished under 21 U.S.C. § 841(b)(1)(A).

With respect to CHRISTOPHER DOUGLAS GREEN and KEVIN JOSEPH DEWITT, the violation involved 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance and is therefore punished under 21 U.S.C. § 841(b)(1)(B).

With respect to MICHAEL BRANDON VOGHT, the violation involved a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance and is therefore punished under 21 U.S.C. § (b)(1)(C).

It was part of the conspiracy that the conspirators would perform acts and make statements to hide and conceal and cause to be hidden and concealed the purpose of the conspiracy and the acts committed in furtherance thereof.

All in violation of 21 U.S.C. § 846.

## COUNT TWO

On or about August 9, 2020, in the Middle District of Florida, the defendant,

MICHAEL BRANDON VOGHT,

knowing that he had previously been convicted in any court of a crime punishable by imprisonment for a term exceeding one year, including:

1. Grand Theft and Dealing in Stolen Property, on or about January 11, 2012,

2. Dealing in Stolen Property, Burglary (Structure/Conveyance), and False Verification of Ownership on Pawnbroker Transaction Form, on or about October 2, 2012,

did knowingly possess, in and affecting interstate commerce, a firearm, that is, a Remington, 12-gauge shotgun.

In violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

## COUNT THREE

On or about August 12, 2020, in the Middle District of Florida, the defendants,

STEVEN RAY MCWHORTER,
KEVIN JOSEPH DEWITT,

aiding and abetting each other, did knowingly and intentionally distribute a controlled substance.

With respect to STEVEN RAY MCWHORTER and KEVIN JOSEPH DEWITT, the violation involved 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

In violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and 18 U.S.C. § 2.

### COUNT FOUR

On or about August 17, 2020, in the Middle District of Florida, the defendants,

MICHAEL BRANDON VOGHT,
CHRISTOPHER DOUGLAS GREEN,

aiding and abetting each other, did knowingly and intentionally distribute a controlled substance.

With respect to MICHAEL BRANDON VOGHT and CHRISTOPHER DOUGLAS GREEN, the violation involved a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

In violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and 18 U.S.C. § 2.

## COUNT FIVE

On or about September 2, 2020, in the Middle District of Florida, the defendants,

CHRISTOPHER DOUGLAS GREEN,
STEVEN RAY MCWHORTER,

aiding and abetting each other, did knowingly and intentionally distribute a controlled substance.

With respect to CHRISTOPHER DOUGLAS GREEN and STEVEN RAY MCWHORTER, the violation involved 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

In violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and 18 U.S.C. § 2.

## COUNT SIX

On or about October 1, 2020, in the Middle District of Florida, and elsewhere, the defendant,

STEVEN RAY MCWHORTER,

did knowingly and intentionally possess with intent to distribute a controlled substance, which violation involved 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance and is therefore punished under 21 U.S.C. § 841(b)(1)(A).

## COUNT SEVEN

On or about October 1, 2020, in the Middle District of Florida, the defendant,

STEVEN RAY MCWHORTER,

knowing that he had previously been convicted in any court of a crime punishable by imprisonment for a term exceeding one year, including:

1. Dealing in Stolen Property, on or about May 30, 1991,

2. Grand Theft, on or about August 8, 1991,

3. Lewd or Lascivious Act – Sexual Battery, on or about October 2, 1992,

4. Battery on a Law Enforcement Officer, on or about October 29, 1992,

did knowingly possess, in and affecting interstate and foreign commerce, firearms, that is, a Glock, .45 caliber pistol and a SCCY, 9mm pistol.

In violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

## FORFEITURE

1. The allegations contained in Counts One through Seven are incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 21 U.S.C. § 853, 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

2. Upon conviction of a violation of 21 U.S.C. §§ 846 and/or 841, the defendants shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a)(1) and (2), any property constituting, or derived from, any proceeds the defendants obtained, directly or indirectly, as a result of such violation, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

3. Upon conviction of a violation of 18 U.S.C. § 922(g), the defendants shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), all firearms and ammunition involved in or used in the violation.

4. The property to be forfeited includes, but is not limited to, the following:

    a. $6,980.00 in United States currency;

    b. $21,000.00 in United States currency;

    c. a SCCY, 9mm pistol, Serial Number 706087; and

    d. a Glock, .45 cal pistol, Serial Number GRC735.

5. If any of the property described above, as a result of any acts or omissions of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

7

  c. has been placed beyond the jurisdiction of the Court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property, which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), and pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

_____
Foreperson

MARIA CHAPA LOPEZ
United States Attorney

By: _____
Beatriz Gonzalez
Assistant United States Attorney

By: _____
Ashley Washington
Assistant United States Attorney

By: _____
Frank M. Talbot
Assistant United States Attorney
Chief, Jacksonville Division

# UNITED STATES DISTRICT COURT
## Middle District of Florida
## Jacksonville Division

THE UNITED STATES OF AMERICA

vs.

STEVEN RAY MCWHORTER
CHRISTOPHER DOUGLAS GREEN
KEVIN JOSEPH DEWITT
MICHAEL BRANDON VOGHT

## INDICTMENT

Violations:   21 U.S.C. § 846
21 U.S.C. § 841(a)(1)
18 U.S.C. § 922(g)

A true bill,

_____
Foreperson

Filed in open court this 3RD day of December, 2020.

_____
Clerk

Bail   $_____